UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT RICHLAND

ADAM FRANCHI, Individually and On Behalf of All Others Similarly Situated,

Plaintiff,

v.

KEY TECHNOLOGY, INC., RICHARD LAWRENCE, ROBERT M. AVERICK, JOHN J. EHREN, JOHN E. PELO, MICHAEL L. SHANNON, CHARLES H. STONECIPHER, DONALD A. WASHBURN, PAUL J. WOLF, DURAVANT LLC, and CASCADE MERGER SUB, INC.,

Defendants.

NO. 4:18-cv-5027

**CLASS ACTION COMPLAINT**

JURY TRIAL DEMANDED

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on January



BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104 Tel: 206-652-8660

25, 2018 (the "Proposed Transaction"), pursuant to which Key Technology, Inc. ("Key Technology" or the "Company") will be acquired by Duravant LLC ("Parent") and its wholly-owned subsidiary, Cascade Merger Sub, Inc. ("Merger Sub," and together with Parent, "Duravant").

2. On January 25, 2018, Key Technology's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Duravant. Pursuant to the terms of the Merger Agreement, Merger Sub commenced a tender offer, which is scheduled to expire on March 8, 2018, to acquire all of the Company's outstanding shares of common stock for $26.75 per share in cash.

3. On February 8, 2018, defendants filed a Solicitation/Recommendation Statement (the "Solicitation Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4. The Solicitation Statement omits material information with respect to the Proposed Transaction, which renders the Solicitation Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(e), 14(d), and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Solicitation Statement.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over all claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(e), 14(d), and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.



BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104 Tel: 206-652-8660

7. Venue is proper under 28 U.S.C. § 1391 because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

**PARTIES**

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Key Technology common stock.

9. Defendant Key Technology is an Oregon corporation and maintains its principal executive offices at 150 Avery Street, Walla Walla, Washington 99362. Key Technology's common stock is traded on the Nasdaq under the ticker symbol "KTEC."

10. Defendant Richard Lawrence ("Lawrence") has served as Chairman of the Board of Key Technology since 2016 and a director of the Company since 2007.

11. Defendant Robert M. Averick ("Averick") has served as a director of Key Technology since June 2016.

12. Defendant John J. Ehren ("Ehren") has served as President and Chief Executive Officer ("CEO") of Key Technology since 2012.

13. Defendant John E. Pelo ("Pelo") has served as a director of Key Technology since 1998.

14. Defendant Michael L. Shannon ("Shannon") has served as a director of Key Technology since 2000.

15. Defendant Charles H. Stonecipher ("Stonecipher") has served as a director of Key Technology since 2004.

16. Defendant Donald A. Washburn ("Washburn") has served as a director of Key Technology since 2003.

17. Defendant Paul J. Wolf ("Wolf") has served as a director of Key Technology since 2015.

18. The defendants identified in paragraphs 10 through 17 are collectively referred to herein as the "Individual Defendants."

19. Defendant Parent is a Delaware limited liability company and a party to



BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104 Tel: 206-652-8660

the Merger Agreement.

20. Defendant Merger Sub is a Delaware corporation, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

**CLASS ACTION ALLEGATIONS**

21. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Key Technology (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

22. This action is properly maintainable as a class action.

23. The Class is so numerous that joinder of all members is impracticable. As of January 25, 2018, there were 6,464,790 shares of Key Technology common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

24. Questions of law and fact are common to the Class, including, among others: (i) whether defendants violated the 1934 Act; and (ii) whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

25. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

26. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-



BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104 Tel: 206-652-8660

party Class members' ability to protect their interests.

27. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

***Background of the Company and the Proposed Transaction***

28. Key Technology, founded in 1948, is the trusted partner to over 3,100 customers in 81 countries, providing process automation systems for the food processing and other non-food processing industries.

29. The Company develops and manufactures automated digital sorting systems and integrates them with its advanced material handling technologies to provide complete solutions for processors of food and other processed products.

30. Key Technology's digital sorting solutions utilize a wide array of sensor technologies, including multi-spectral lasers, color and infrared cameras, and hyperspectral technology. Sensor data is analyzed through specialized processing applications, leveraging the Company's proprietary software and algorithms. This data is used to intelligently identify and remove defects and foreign materials, and manage product characteristics to maximize customer product quality and increase their process yields.

31. On January 25, 2018, the Individual Defendants caused the Company to enter into the Merger Agreement with Duravant.

32. Pursuant to the terms of the Merger Agreement, Duravant commenced a tender offer to acquire all of the Company's outstanding shares of common stock for $26.75 per share in cash.

***The Solicitation Statement Omits Material Information, Rendering It False and Misleading***

33. On February 8, 2018, defendants filed the Solicitation Statement with the



BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104 Tel: 206-652-8660

SEC in connection with the Proposed Transaction.

34. The Solicitation Statement omits material information regarding the Proposed Transaction, which renders the Solicitation Statement false and misleading.

35. First, the Solicitation Statement omits material information regarding the Company's financial projections and the valuation analyses performed by the Company's financial advisor in connection with the Proposed Transaction, Robert W. Baird & Co. Incorporated ("Baird").

36. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion. Moreover, when a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

37. With respect to the Company's financial projections, the Solicitation Statement fails to disclose: (i) taxes/tax rate; (ii) interest; (iii) net income; (iv) non-recurring and one-time expenses; and (v) a reconciliation of all non-GAAP to GAAP metrics.

38. With respect to Baird's *Discounted Cash Flow Analysis*, the Solicitation Statement fails to disclose: (i) Baird's basis for assuming terminal values ranging from 9.0x to 10.0x 2020 Adjusted EBITDA; and (ii) the specific inputs and assumptions underlying the discount rate range of 15% to 16%.

39. Second, the Solicitation Statement fails to disclose whether any non-disclosure agreements executed by the Company and the prospective bidders contained standstill and/or "don't ask, don't waive" provisions that are or were preventing those counterparties from submitting superior offers to acquire the



BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104 Tel: 206-652-8660

Company.

40. Without this information, stockholders may have the mistaken belief that, if these potentially interested parties wished to come forward with a superior offer, they are or were permitted to do so, when in fact they are or were contractually prohibited from doing so.

41. Third, the Solicitation Statement omits material information regarding potential conflicts of interest of the Company's officers and directors.

42. Specifically, the Solicitation Statement fails to disclose the timing and nature of all communications regarding future employment and directorship of the Company's officers and directors, as well as the payment of transaction bonuses, including who participated in all such communications.

43. Communications regarding post-transaction employment during the negotiation of the underlying transaction must be disclosed to stockholders. This information is necessary for stockholders to understand potential conflicts of interest of management and the Board, as that information provides illumination concerning motivations that would prevent fiduciaries from acting solely in the best interests of the Company's stockholders.

44. The omission of the above-referenced material information renders the Solicitation Statement false and misleading, including the "Solicitation or Recommendation" section of the Solicitation Statement.

45. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

**COUNT I**

**(Claim for Violation of Section 14(e) of the 1934 Act Against Defendants)**

46. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

47. Section 14(e) of the 1934 Act states, in relevant part, that:



BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104 Tel: 206-652-8660

> It shall be unlawful for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders[.]

48. Defendants disseminated the misleading Solicitation Statement, which contained statements that, in violation of Section 14(e) of the 1934 Act, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not misleading.

49. The Solicitation Statement was prepared, reviewed, and/or disseminated by defendants.

50. The Solicitation Statement misrepresented and/or omitted material facts in connection with the Proposed Transaction as set forth above.

51. By virtue of their positions within the Company and/or roles in the process and the preparation of the Solicitation Statement, defendants were aware of this information and their duty to disclose this information in the Solicitation Statement.

52. The omissions in the Solicitation Statement are material in that a reasonable shareholder will consider them important in deciding whether to tender their shares in connection with the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available.

53. Defendants knowingly or with deliberate recklessness omitted the material information identified above in the Solicitation Statement, causing statements therein to be materially incomplete and misleading.

54. By reason of the foregoing, defendants violated Section 14(e) of the 1934 Act.

55. Because of the false and misleading statements in the Solicitation Statement, plaintiff and the Class are threatened with irreparable harm.

56. Plaintiff and the Class have no adequate remedy at law.



BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104 Tel: 206-652-8660

**COUNT II**

**(Claim for Violation of 14(d) of the 1934 Act Against Defendants)**

57. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

58. Section 14(d)(4) of the 1934 Act states:

> Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

59. Rule 14d-9(d) states, in relevant part:

> Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

Item 8 requires that directors must "furnish such additional information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

60. The Solicitation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits the material facts set forth above, which renders the Solicitation Statement false and/or misleading.

61. Defendants knowingly or with deliberate recklessness omitted the material information set forth above, causing statements therein to be materially incomplete and misleading.

62. The omissions in the Solicitation Statement are material to plaintiff and the Class, and they will be deprived of their entitlement to make a fully informed decision with respect to the Proposed Transaction if such misrepresentations and omissions are not corrected prior to the expiration of the tender offer.

63. Plaintiff and the Class have no adequate remedy at law.



BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104 Tel: 206-652-8660

**COUNT III**

**(Claim for Violation of Section 20(a) of the 1934 Act Against the Individual Defendants and Duravant)**

64. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

65. The Individual Defendants and Duravant acted as controlling persons of Key Technology within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of Key Technology and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Solicitation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

66. Each of the Individual Defendants and Duravant was provided with or had unlimited access to copies of the Solicitation Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

67. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Solicitation Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly connected with and involved in the making of the Solicitation Statement.

68. Duravant also had direct supervisory control over the composition of the Solicitation Statement and the information disclosed therein, as well as the information



BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104 Tel: 206-652-8660

that was omitted and/or misrepresented in the Solicitation Statement.

69. By virtue of the foregoing, the Individual Defendants and Duravant violated Section 20(a) of the 1934 Act.

70. As set forth above, the Individual Defendants and Duravant had the ability to exercise control over and did control a person or persons who have each violated Section 14(e) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.

71. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

72. Plaintiff and the Class have no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment and relief as follows:

A. Enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to file a Solicitation Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(e), 14(d), and 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.



BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104 Tel: 206-652-8660

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

DATED this 15th day of February, 2018.

BRESKIN JOHNSON & TOWNSEND, PLLC

By: */s/ Roger Townsend*
Roger Townsend, WSBA # 25525
1000 Second Avenue, Suite 3670
Seattle, Washington 98104
206-652-8660 Phone
206-652-8290 Fax
rtownsend@bjtlegal.com

*Attorneys for Plaintiff*

OF COUNSEL:

RIGRODSKY & LONG, P.A.
300 Delaware Avenue
Suite 1220
Wilmington, DE 19801
302-295-5310